MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:    F. JAMES LOPREST, JR. (FJL:3210)
Special Assistant United States Attorney
86 Chambers Street, Room 410
New York, New York 10007
Tel. No.:  (212) 637-2728

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                                              :
PERVEZ POROOSHASP, File No. A28 543 896,
                                                                              :
                                   Petitioner,
                                                                              :    ANSWER
                        - v. -
                                                                              :    07 Civ. 2989 (BSJ)
MICHAEL CHERTOFF, Secretary of the United
States Department of Homeland Security;          :    ELECTRONICALLY FILED
ALBERTO GONZALES, Attorney General of the
United States, U.S. Department of Justice;         :
ANDREA J. QUARANTILLO, District Director,
USCIS; UNITED STATES CITIZENSHIP            :
AND IMMIGRATION SERVICES, and
ROBERT S. MUELLER,  Director,                      :
Federal Bureau of Investigation,
                                                                              :
                                   Respondents.
------------------------------------------------------------x

      Respondents Michael Chertoff, United States Secretary of Homeland Security; Alberto Gonzales, United States Attorney General; Andrea J. Quarantillo, District Director of the New York District of United States Citizenship and Immigration Services ("CIS"); the CIS; and Robert S. Mueller,  Director of the Federal Bureau of Investigation ("FBI") (collectively, "respondents" or "Government"), by their attorney, Michael J. Garcia, United States Attorney for the Southern District

of New York, hereby answer the complaint ("complaint")[1] of petitioner Pervez Porooshasp , File No. A28 543 896 ("plaintiff" or "Porooshasp"), upon information and belief, as follows:

1.   Neither admit nor deny the allegations in paragraph 1 because they constitute plaintiff's characterization of this action, prayer for relief, and/or conclusions of law, to which no responsive pleading is required; and respectfully refer the Court to the statutes cited in paragraph 1 for accurate statements of their provisions. To the extent that a further response to the allegations in paragraph 1 is required, respondents deny the allegations.

2.   Neither admit nor deny the allegations in paragraph 2 because they constitute conclusions of law, to which no responsive pleading is required; and respectfully refer the Court to the statute cited in paragraph 2 for accurate statements of its provisions. To the extent that a further response to the allegations in paragraph 2 is required, respondents deny the allegations.

3.   Neither admit nor deny the allegations in paragraph 3 because they constitute conclusions of law, to which no responsive pleading is required; and respectfully refer the Court to the statutes cited in paragraph 3 for accurate statements of their provisions and to the judicial

---

[1] Although Porooshasp styles his pleading as a "petition for de novo review of a naturalization application and complaint for writ of mandamus," the pleading is properly considered a complaint. The Second Circuit recently held that "[t]he Federal Rules of Civil Procedure 'are applicable to proceedings for admission to citizenship . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States . . . and has heretofore conformed to the practice in civil actions.'" Chan v. Gantner, 464 F.3d 289, 293 (2d Cir. 2006) (quoting Fed. R. Civ. P. 81(a)(2)). The Rules establish "one form of action to be known as [a] 'civil action,'" Fed. R. Civ. P. 2 (quotation marks in original), which, except in circumstances not pertinent here, "is commenced by filing a complaint," Fed. R. Civ. P. 3; see also Fed. R. Civ. P. 1 (Rules "govern procedure in the United States district courts in all suits of a civil nature"), and the writ of mandamus was abolished more than 70 years ago with the promulgation of the Rules, see Fed. R. Civ. P. 81(b) ("The writs of scire facias and mandamus are abolished."); see also In re Nagy, 89 F.3d 115, 116 (2d Cir. 1996) (same); Espin v. Gantner, 381 F. Supp. 2d 261, 263-64 (S.D.N.Y. 2005) (same); Cordoba v. McElroy, 78 F. Supp. 2d 240, 242 (S.D.N.Y. 2000) (same).

decisions cited in paragraph for accurate statements of their holdings. To the extent that a further response to the allegations in paragraph 3 is required, respondents deny the allegations.

    4.    Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 4 of the complaint respecting plaintiff's place of residence; neither admit nor deny the allegation that venue is proper in this district because it constitutes a conclusion of law, to which no responsive pleading is required; and respectfully refer the Court to the statute cited in paragraph 4 for an accurate statement of its provisions.

    5.    Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 5 respecting plaintiff's retention of counsel; neither admit nor deny the remaining allegations in paragraph 5 because they constitute plaintiff's prayer for relief and/or conclusion of law, to which no responsive pleading is required; and respectfully refer the Court to the statute cited in paragraph 5 for an accurate statement of its provisions. To the extent that a further response to the remaining allegations in paragraph 5 is required, respondents deny the allegations.

    6.    Neither admit nor deny the allegations in paragraph 6 because they constitute conclusions of law, to which no responsive pleading is required. To the extent that a further response to the allegations in paragraph 6 is required, respondents deny the allegations.

    7.    Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 7; except admit that plaintiff became a lawful permanent resident of the United States on September 22, 1994.

8. Neither admit nor deny the allegations in paragraph 8 because they constitute conclusions of law, to which no responsive pleading is required; except admit that respondent Michael Chertoff is the United States Secretary of Homeland Security.

9. Neither admit nor deny the allegations in paragraph 9 because they constitute conclusions of law, to which no responsive pleading is required; except admit that respondent Alberto Gonzales is the United States Attorney General.

10. Neither admit nor deny the allegations in paragraph 10 because they constitute conclusions of law, to which no responsive pleading is required; except admit that respondent Andrea Quarantillo is District Director of the CIS's New York District.

11. Neither admit nor deny the allegations in paragraph 11 because they constitute conclusions of law, to which no responsive pleading is required; and aver that as of March 1, 2003, the former Immigration and Naturalization Service ("INS") ceased to exist as an agency within the United States Department of Justice, and its functions were transferred to three agencies within the United States Department of Homeland Security: (1) the CIS, responsible for administering services and benefits under the immigration laws; (2) United States Immigration and Customs Enforcement, responsible for enforcement of the immigration laws; and (3) United States Customs and Border Protection, responsible for, inter alia, customs inspections and the United States Border Patrol. See Homeland Security Act of 2002, Pub. L. 107-296, § 471(a), 116 Stat. 2135, 2205 (Nov. 25, 2002); 68 Fed. Reg. 10922-01, 2003 WL 735330 (Mar. 6, 2003); see also Clark v. Martinez, 533 U.S. 374 n.1 (2005); Chan v. Gantner, 464 F.3d 289, 292 (2d Cir. 2006) (per curiam); Brown v. Ashcroft, 360 F.3d 346, 348 (2d Cir. 2004).

12. Neither admit nor deny the allegations in paragraph 12 because they constitute conclusions of law, to which no responsive pleading is required; except admit that respondent Robert S. Mueller is Director of the FBI.

13. Deny the allegations in paragraph 13 that there has been an "improper and unjustified failure" by respondents or that respondents have acted "in derogation of their duty" with respect to any application submitted to the CIS by petitioner; admit that petitioner submitted an application ("naturalization application" or "N-400 application") to the CIS's New York District office, seeking to become a naturalized citizen of the United States, pursuant to §§ 310 and 316 of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. §§ 1421 & 1427, and that petitioner was interviewed by the CIS in connection with that application more than 120 days ago; and neither admit nor deny the remaining allegations in paragraph 13 because they constitute petitioner's characterization of this action and/or conclusions of law, to which no responsive pleading is required. In further response to the allegations in paragraph 13, respondents aver that petitioner is not statutorily eligible for naturalization at this time because the CIS has not completed its full examination of petitioner, including a mandatory investigation into petitioner's background by the FBI. See Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act of 1998, Pub. Law 105-119, Title I, 111 Stat. 2440, 2448 (Nov. 26, 1997).

14. Admit the allegations in paragraph 14.

15. Admit the allegations in paragraph 15.

16. Admit the allegations in paragraph 16.

17. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 17; except admit that on February 10, 2004, CIS District

Adjudications Officer Carlos Gonzalez conducted an interview of petitioner at the CIS's New York District offices in connection with his naturalization application, at which petitioner successfully demonstrated that he meets certain statutory requirements for naturalized citizenship, i.e., a knowledge of United States history and government and the ability to communicate in the English language.

18.  Admit that on May 17, 2004, the CIS issued a notice to petitioner alone requesting that he submit to it the record of the disposition of his April 14, 1997 arrest by New York City police on charges of sexual abuse, assault, endangering the welfare of a child, and harassment; and aver that the administrative file ("A file") maintained by the CIS (and formerly the INS), alien registration number A28 543 896, did not at that time contain any indication that petitioner had retained counsel in connection with his naturalization application.

19.  Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 19; and aver that petitioner's A file does not contain a copy of the indictment referred to in paragraph 19.

20.  Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 20; and aver that petitioner's A file does not contain a copy of the inquiry referred to in paragraph 20, nor any indication that the CIS responded in writing to such an inquiry.

21.  Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 21.

22.  Admit the allegations in paragraph 22.

23. Admit the allegations in paragraph 23; and aver that petitioner's A file did not at that time contain any indication that petitioner had retained counsel in connection with his naturalization application.

24. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 24; and aver that petitioner's A file does not contain a copy of the indictment or plea minutes referred to in paragraph 24.

25. Admit the allegations in paragraph 25; and respectfully refer the Court to the CIS's March 31, 2006 decision initially denying petitioner's naturalization application for a true and accurate statement of its contents.

26. Admit the allegation in paragraph 26 that petitioner submitted a timely notice of administrative appeal to the CIS in the form of a request for a hearing ("N-336 hearing") before a senior naturalization examiner pursuant to INA § 336(a), 8 U.S.C. § 1447(a), and respectfully refer the Court to petitioner's administrative appeal, referred to in paragraph 26, for a true and accurate statement of its contents.

27. Deny the allegation in paragraph 27 that the CIS indicated that it was "reopening " petitioner's naturalization application in its July 8, 2006 notice; admit the remaining allegations in paragraph 27; and respectfully refer the Court to the CIS's July 8, 2006 notice, referred to in paragraph 27, for a true and accurate statement of its contents.

28. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 28; except admit that on August 3, 2006, Senior District Adjudications Officer Kwong conducted an N-336 hearing in connection with the CIS's March 31, 2006 decision initially denying petitioner's naturalization examination.

29. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 29.

30. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 30; and aver that petitioner's A file does not contain a copy of the letter referred to in paragraph 30, nor any indication that the CIS responded to the letter in writing.

31. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 31.

32. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 32; and aver that petitioner's A file does not contain "numerous inquiries" regarding his naturalization application, nor any indication that the CIS responded to such inquiries in writing,.

33. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 33.

34. Admit the allegations in paragraph 34.

35. Admit the allegations in paragraph 35.

36. Neither admit nor deny the allegation in paragraph 36 that counts of the indictment for which petitioner was not convicted "may not be held against petitioner" because it constitutes a conclusion of law, to which no responsive pleading is required; and admit the remaining allegations in paragraph 36. To the extent that a further response to the allegation in paragraph 36 that counts of the indictment for which petitioner was not convicted "may not be held against petitioner" is required, respondents deny the allegation.

37. Neither admit nor deny the allegations in paragraph 37 because they constitute conclusions of law, to which no responsive pleading is required.

38. Neither admit nor deny the allegations in paragraph 38 because they constitute conclusions of law, to which no responsive pleading is required. To the extent that a further response to the allegations in paragraph 38 is required, respondents deny knowledge sufficient to form a belief as to the truth or accuracy of the allegations.

39. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 39; except neither admit nor deny the allegation in paragraph 39 that petitioner's 1998 conviction is "not relevant to his current moral character" because it constitutes a conclusion of law, to which no responsive pleading is required. To the extent that a further response to that allegation is required, respondents deny the allegation.

40. Deny the allegations in paragraph 40.

41. Deny the allegations in paragraph 41.

42. Deny the allegations in paragraph 42.

43. Deny the allegations in paragraph 43.

44. Deny the allegations in paragraph 44.

45. Deny the allegations in paragraph 45.

46. Neither admit nor deny the allegations in paragraph 46 because they constitute conclusions of law, to which no responsive pleading is required. To the extent that a further response to the allegations in paragraph 46 is required, respondents deny the allegations.

47. Neither admit nor deny the allegations in paragraph 47 because they constitute conclusions of law, to which no responsive pleading is required; and respectfully refer the Court to the statute cited in paragraph 47 for an accurate statement of its provisions.

48. Neither admit nor deny the allegations in paragraph 48 because they constitute conclusions of law, to which no responsive pleading is required. To the extent that a further response to the allegations in paragraph 47 is required, respondents deny the allegations.

49. Deny the allegations in paragraph 49.

50. Deny the allegations in paragraph 50.

51. Deny the allegations in paragraph 51 because they constitute petitioner's speculations and/or conclusions of law, to which no responsive pleading is required. To the extent that a further response to the allegations in paragraph 51 is required, respondents deny the allegations.

52. Deny the allegations in paragraph 52.

53. Deny the allegations in paragraph 53 because they constitute conclusions of law, to which no responsive pleading is required. To the extent that a further response to the allegations in paragraph 53 is required, respondents deny the allegations.

54. Deny the allegations in paragraph 54 because they constitute conclusions of law, to which no responsive pleading is required. To the extent that a further response to the allegations in paragraph 54 is required, respondents deny the allegations.

55. Deny the allegations in paragraph 55.

56. Deny the allegations in paragraph 56.

57. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 57 of the complaint.

58. Neither admit nor deny the allegations in paragraph 58 because they constitute conclusions of law, to which no responsive pleading is required; and respectfully refer the Court to the statutes cited in paragraph 58 for accurate statements of their provisions. To the extent that a further response to the allegations in paragraph 58 is required, respondents deny the allegations.

59. Deny the allegations in paragraph 59 because they constitute plaintiff's characterization and/or conclusions of law, to which no responsive pleading is required; and respectfully refer the Court to the statute cited in paragraph 59 for an accurate statement of its provisions. To the extent that a further response to the allegations in paragraph 59 is required, respondents deny the allegations.

60. Deny the allegations in paragraph 60 because they constitute plaintiff's prayer for relief and/or conclusions of law, to which no responsive pleading is required; and respectfully refer the Court to the statute cited in paragraph 60 for an accurate statement of its provisions. To the extent that a further response to the allegations in paragraph 60 is required, respondents deny the allegations.

<u>AS AND FOR A FIRST DEFENSE</u>

The Court lacks jurisdiction over the subject matter of this action.

<u>AS AND FOR A SECOND DEFENSE</u>

Petitioner's claims are unripe for review.

<u>AS AND FOR A THIRD DEFENSE</u>

Petitioner has failed to exhaust administrative remedies.

<u>AS AND FOR A FOURTH DEFENSE</u>

The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A FIFTH DEFENSE

Petitioner has failed to show he is owed a peremptory duty that respondents have refused to perform.

## AS AND FOR A SIXTH DEFENSE

Mandamus will not lie against respondents to control the exercise of their administrative judgment and discretion.

## AS AND FOR A SEVENTH DEFENSE

Any delay in the adjudication of petitioner's naturalization application is attributable to petitioner's own actions.

## AS AND FOR AN EIGHTH DEFENSE

Petitioner is not statutorily eligible for naturalization until the CIS has completed its examination of petitioner, including an investigation into petitioner's background by the FBI.

## AS AND FOR A NINTH DEFENSE

Jurisdiction to consider petitioner's claims is not conferred upon the Court by INA § 310(c), 8 U.S.C. § 1421(c) (providing for an exercise of jurisdiction over the CIS's final denial of a naturalization application), because the CIS has not issued a final decision with respect to petitioner's administrative appeal of the CIS's March 31, 2006 Decision denying his naturalization application following the hearing provided for by INA § 336(a), 8 U.S.C. § 1447(a).

## AS AND FOR A TENTH DEFENSE

Jurisdiction to consider petitioner's claims is not conferred upon the Court by INA § 336(b), 8 U.S.C. § 1447(b) (providing for an exercise of jurisdiction where "there is a failure to make a determination [on a naturalization application] before the end of the 120 day period after the date

on which the examination [of the naturalization applicant] is conducted"), because the CIS issued a decision on March 31, 2006 initially denying plaintiff's naturalization application.

### AS AND FOR AN ELEVENTH DEFENSE

Jurisdiction to consider petitioner's claims is not conferred upon the Court by INA § 336(b), 8 U.S.C. § 1447(b), because the CIS has not completed its examination of petitioner, including an investigation into petition's background by the FBI.

### AS AND FOR A TWELFTH DEFENSE

The length of time that petitioner's naturalization application has been pending is attributable to petitioner's own actions.

### AS AND FOR A THIRTEENTH DEFENSE

The administrative decision issued by the CIS on March 31, 2006 was properly issued, were supported by substantial evidence in the record, comported with applicable law, and fell within the ambit of the Attorney General's broad discretion in naturalization matters.

### AS AND FOR A FOURTEENTH DEFENSE

Plaintiff is not statutorily eligible for naturalization until the CIS has completed its "personal investigation" of plaintiff, as required by 8 U.S.C. § 1445(a).

WHEREFORE, respondents respectfully request that this Court enter judgment dismissing the complaint in its entirety, and for such other relief as the Court deems proper.

Dated: New York, New York
September 18, 2007

        MICHAEL J. GARCIA
        United States Attorney for the
        Southern District of New York
        Attorney for Respondents

By: /s/
    F. JAMES LOPREST, JR.
    Special Assistant United States Attorney
    86 Chambers Street, Room 410
    New York, New York 10007
    Tel. No.: (212) 637-2728
    (FJL:3210)

TO: STEPHEN SINGER, ESQ.
    BARST & MUKAMAL, LLP
    Attorneys for Petitioner
    2 Park Avenue, 19th Floor
    New York, NY 10016